JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LE GENG LIN,

    Plaintiff,

  v.

AMAZON.COM, INC., *et al.*,

    Defendants.

Case No. 2:25-cv-02063-CV (PVCx)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND COSTS**

**[DOC. ## 10, 18, 20, 23]**

Before the Court are Plaintiff Le Geng Lin's ("Plaintiff") March 17, 2025 motion to remand this action to state court (Doc. # 10, "Remand Motion"),[1] and Plaintiff's April 3, 2025 motion for sanctions and costs under 28 U.S.C. § 1447(c) for improper removal (Doc. # 23, "Sanctions Motion").

On April 2, 2025, Defendants Amazon.com, Inc. and Amazon.com Services, LLC ("Defendants") filed an opposition to the Remand Motion. Doc. # 21. On April 8, 2025, Defendants filed an opposition to the Sanctions Motion.  Doc. # 24.

---

[1] Plaintiff filed three versions of his Remand Motion on March 17 and 18, 2025. *See* Doc. ## 10, 18, 20. The Court has reviewed each filing and finds them substantively identical. This Order therefore applies equally to all three motions.

-1-

On April 2, 2025, Plaintiff filed replies in support of the Remand Motion on April 2, 2025 (Doc. # 22) and the Sanctions Motion on April 9, 2025 (Doc. # 25).[2]

## I.    **INTRODUCTION**

On March 7, 2024, Plaintiff filed this action in the Superior Court of the State of California, County of Los Angeles, Case No. 24NNCV00122. Doc. # 1-1. Plaintiff alleges he suffered permanent blindness after striking his eye on the sharp corner of a bedside table purchased from Amazon.com. *Id*. at 6, 14. He claims that Defendants' negligent ownership, maintenance, and supervision of the product caused his injury. *Id*.

Plaintiff seeks general damages, along with compensation for past and future medical expenses, property damages, lost earnings, diminished earning capacity, costs of suit, and other damages. *Id*. at 5, 15. The complaint does not assert a specific dollar amount of damages. *See generally, id*.

On March 7, 2025, Defendants removed the case to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. Doc. # 1.

## II.    **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute … It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

A defendant may remove a civil action from state court to federal court only if the federal court has original subject matter jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C.

---

[2] The Court acknowledges that Defendants have raised several objections based on procedural deficiencies in Plaintiff's motion and reply briefs. See Doc. ## 12, 26. The Court has considered both Defendants' objections and Plaintiff's responses. Doc. ## 14, 27. Plaintiff is admonished for failing to notice his motions for hearing and for raising new arguments in his reply briefs that were not included in his moving papers. In light of Plaintiff's pro se status, however, the Court declines to strike Plaintiff's filings and OVERRULES Defendants' objections.

§ 1332(a), diversity jurisdiction exists where the action is between "citizens of different States," and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."

There is a "strong presumption against removal jurisdiction." The removing party bears the burden of establishing removability, and the Court must "resolve[] all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)); *see also Gaus*, 980 F.2d at 566 (removal statute "strictly construe[d]" against removal jurisdiction).

## III.    REMAND MOTION

Defendants removed this case on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. Doc. # 1. Plaintiff argues that remand is required because the parties are not completely diverse and because Defendants have failed to establish that the amount in controversy exceeds $75,000. Doc. # 10 at 2–3.

The Court concludes that Defendants have met their burden to establish complete diversity, but have not carried their burden to establish the amount in controversy. Remand is therefore required.

### A.    Diversity of the Parties

For diversity purposes, a natural person is a citizen of the state in which he is domiciled, meaning the state where he resides with the intent to remain. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). From his state court complaint and filings in this action, Plaintiff is a resident of Temple City, California, and he does not dispute that he is a citizen of California for jurisdictional purposes. Doc. # 1-1 at 7, 14; *see generally*, Doc. # 10.

The dispute concerns Defendants' citizenship. A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). According to the declaration of Defendants' corporate counsel, Jay Chen,

-3-

Amazon.com, Inc. is incorporated in Delaware. Doc. # 21-1 at ¶ 4. Plaintiff does not contest that fact.

The parties disagree, however, as to Amazon.com, Inc.'s principal place of business. A corporation's "principal place of business" is its "actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Plaintiff argues that Amazon.com, Inc. should be treated as a citizen of California because it maintains substantial operations and a significant corporate presence in the state. Doc. # 10 at 2. But "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n. 20 (2014)

Here, Defendants have submitted an unrebutted declaration stating that Amazon.com, Inc.'s headquarters and executive officers are located in Washington state. Doc. # 21-1 at ¶¶ 7–8. The Court finds that this is sufficient to establish Washington as Amazon.com, Inc.'s principal place of business. *See Carrington Stonemasons, Inc. v. Ford Motor Co.*, No. 24-CV-00080-BLF, 2024 WL 1745038, at *5 (N.D. Cal. Apr. 22, 2024).

Amazon.com Services, LLC is a limited liability company. Its citizenship therefore depends on the citizenship of each of its members, not its place of formation or principal place of business. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendants' unrebutted declaration states that Amazon.com Sales, Inc.—a Delaware corporation with its principal place of business in Seattle, Washington—is the sole member of Amazon.com Services, LLC. Doc. # 21-1 at ¶¶ 5–8. Plaintiff offers no evidence to the contrary.

Plaintiff's reliance on the "resident defendant rule" is misplaced. *See* Doc. # 10 at 3. Under 28 U.S.C. § 1441(b)(2), removal is barred only when a defendant is both a citizen of the forum state and properly joined and served at the time of removal. *See Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1054 (C.D. Cal. 2019). Because neither Defendant is a citizen of California for jurisdictional purposes, § 1441(b)(2) does not apply.

The Court therefore finds that Defendants have established complete diversity.[3]

### B.    Amount in Controversy

Where a plaintiff pleads a specific amount of damages in good faith, that amount generally controls unless it appears to a legal certainty that the claim is for less than $75,000. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). When, as here, the complaint does not specify an amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). The amount in controversy may include damages and attorney's fees where authorized by statute or contract. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

Plaintiff's complaint does not allege a specific dollar amount. *See generally* Doc. # 1-1. Defendants have submitted no evidence quantifying Plaintiff's damages. Instead, they argue that Plaintiff's allegations of a serious eye injury and his request for multiple categories of damages necessarily place more than $75,000 in controversy. Doc. # 1 at 4; Doc. # 12 at 3–4.

That showing is insufficient. Given the "strong presumption against removal jurisdiction," the Court may not speculate as to the value of Plaintiff's claims. *Hunter*, 582 F.3d at 1042; *Gaus*, 980 F.2d at 566. Although Plaintiff alleges a serious injury, the complaint provides little detail from which the Court could reasonably infer that the amount in controversy exceeds $75,000. Courts in this district and elsewhere have declined to find the jurisdictional amount satisfied on similar—and even more detailed—

---

[3]    Under 28 U.S.C. § 1441(b)(1), "in determining whether a civil action is removable on the basis of [diversity] jurisdiction . . . the citizenship of defendants sued under fictitious names shall be disregarded." *Id*. Because Plaintiff has not provided "a definite clue about the identity of the fictitious defendant[s]," the Court does not consider the citizenship of the Doe Defendants. *Mason v. Home Depot U.S.A., Inc.*, No. 24-CV-02428-MRA (MAR), 2024 WL 3029500, at *2–3 (C.D. Cal. June 17, 2024) (citations omitted); *Moch v. N & D Restaurants, LLC*, No. 8:24-CV-01501-JVS-JDE, 2024 WL 4213587, at *3 (C.D. Cal. Sept. 16, 2024) (citations omitted).

allegations.[4] Defendants have therefore failed to establish, by a preponderance of the evidence, that the amount in controversy requirement of 28 U.S.C. § 1332(a) is met.

## IV.    **SANCTIONS MOTION**

Under 28 U.S.C. § 1447(c), a district court may award costs and actual expenses, "including attorney fees," incurred as a result of removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Ultimately, fee awards under § 1447(c) are "left to the district court's discretion." *Id.* at 139.

Here, Defendants' basis for removal was not objectively unreasonable. Defendants correctly established complete diversity, and Plaintiff's allegations describe a serious injury. *See* Section III above. In addition, Plaintiff appears pro se and is therefore not entitled to recover attorney's fees under § 1447(c). *See Guttman v. Silverberg*, 374 F. Supp. 2d 991, 993 (D.N.M. 2005) ("Several courts have declined to award fees under § 1447(c) to an attorney acting pro se.") (citing cases); *accord. Tempelman v. Colsia*, No.

---

[4]  *See Barria v. Dole Food Co.*, No. CV 09-213-CAS (VBKx), 2009 WL 689903, at *3 (C.D. Cal. Mar. 9, 2009) (holding that allegations of sterility and other serious injuries did not overcome the strong presumption against removal or satisfy the defendant's burden to show an amount in controversy exceeding $75,000); *Estrada v. Marriott Int'l Inc.*, No. CV 19-07869-ABJ (PRx), 2019 WL 6652085, at *2 (C.D. Cal. Dec. 4, 2019) (holding that allegations describing injuries as "extensive" and ongoing, indicating a need for surgery, and alleging past and future wage loss, standing alone, failed to establish that the amount in controversy requirement was satisfied); *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (acknowledging allegations of "serious permanent injuries, including near complete blindness in one eye and partial vision loss in his other eye," but declining to speculate that such allegations established an amount in controversy exceeding $75,000); *Hermeling v. Eli Lilly & Co.*, No. 2:09-CV-748-WKW WO, 2010 WL 431262, at *2 (M.D. Ala. Feb. 3, 2010) (declining to find that an allegation of a permanent eye injury demonstrated an amount in controversy exceeding $75,000); *but see Moore v. CVS Health Corp.*, No. ED CV 17-888-JGB (DTBx), 2017 WL 2999021, at *2 (C.D. Cal. July 14, 2017) (finding it "reasonably apparent" from the face of the complaint that the amount in controversy requirement was met based on the severity of the alleged injuries and the damages and attorney's fees sought).

CIV. 02-386-JD, 2002 WL 31236395, at *3 (D.N.H. Sept. 26, 2002); *see also*, *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

Accordingly, Plaintiff's Sanctions Motions is DENIED.

V.    **CONCLUSION**

For the reasons stated above, Plaintiff's Remand Motion is GRANTED and Plaintiff's Sanctions Motion is DENIED. The action is REMANDED to the Superior Court of the State of California, County of Los Angeles, Case No. 24NNCV00122. All other pending matters are TERMINATED, all deadlines are VACATED, and the Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Dated:  1/23/26

*Cynthia Valenzuela*

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE